IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

WAJID DESHIELDS,

    Petitioner:

vs.                              Case No. _____

                                Criminal No. <u>1:01-CR-26</u>

JOSEPH V. SMITH, WARDEN,
USP-Lewisburg,

    Respondent:

FILED
SCRANTON

AUG 30 2005

PER _____
DEPUTY CLERK

<u>NOTICE OF JUDICIAL COGNIZANCE</u>

    COMES NOW, the instant Petitioner, Wajid DeShields, pro-se, and respectfully requests this Honorable Court to take judicial cognizance of the following facts, to wit:

1). Petitioner has made a due diligence effort to obtain from the United States Department of Justice's Executive Office for United States Attorneys, Freedom of Information/Privacy Act Staff, 600 E Street, N.W., Room 7300, Washington, D.C. 20530, Telephone number: (202) 616-6757, FAX # (202) 616-6478, the following information specifically:

(A). **Whether or not the State/Federal Government obtained the proper authorization to circumvent the sound policy of the Department of Justice/Federal Government** <u>that several offenses arising out of a single transaction should be alleged and tried together and should not be made the basis of multiple prosecutions, a policy dictated by considerations both of fairness to defendants and of efficient and orderly law enforcement</u>. See, <u>Petite v. United</u>

<u>States</u>, 361 U.S. 529, 4 L.Ed.2d 490, 80 S.Ct. 450 (1960); <u>Rinaldi v. United States</u>, 434 U.S. 22, 54 L.Ed.2d 207, 98 S.Ct. 81 (1977) (wherein, the government acknowledge that the federal prosecution had violated its policy of refusing to prosecute for a federal offense following a state prosecution for the same act, except when necessary to advance compelling interests of federal law enforcement).

See also, **Criminal Law Key §§ 8, 39 - federal prosecution after state prosecution - double jeopardy:**

> 3. "Although not constitutionally mandated, the United States Justice Department's policy of refusing to prosecute for a federal offense following a state prosecution for the same act except when necessary to advance compelling interests of federal law enforcement, serves to protect interests which, but for the "dual sovereignty" principle inherent in the federal system, would be embraced by the double jeopardy clause of the Fifth Amendment; in light of the paralell purposes of such government policy and the fundamental constitutional guarantee against double jeopardy, the federal courts should be receptive, not circumspect, when the government seeks leave to implement such policy."

However, despite the Petitioner's best efforts to obtain said requested information under the aforementioned Federal Freedom of Information/Privacy Act Request, the United States Department of Justice has been "hiding" behind an **"exempt"** provision (e.g., from the access provisions of the Privacy Act. **28 C.F.R. § 16.81,** and has refused to trun over the requested information. Please see Petitioner's Exhibit # 1, attached for your information, consideration and review (i.e., "Request Number: **05-1601 - Self (Petite Policy).**

2). Petitioner will be filing an appeal from this "partial" disclosure/partial denial" of the information sought within sixty

(60) days from the date of August 18, 2005, however, since he has a currently pending **28 U.S.C. §§ 2241 and 1651 Motion** before this Honorable Court for its consideration, he is respectfully requesting that the foregoing facts be taken judicial cognizance of in "the interests of justice." <u>Bartkus v. People v. People of State of Illinois</u>, 359 U.S. 12 (1959); <u>Watts v. United States</u>, 422 U.S. <u>Rinaldi</u>, <u>supra.</u>; <u>Petite</u>, <u>supra.</u>

**Dated: August 23, 2005**

                                      WAJID DESHIELDS
                                      Pro-Se Litigant

# CERTIFICATE OF SERVICE

I, __Wahid DeShields_____, hereby certify that I have served a true and correct copy of the foregoing:

    **Notice of Judicial Cognizance.**

Which is deemed filed at the time it was delivered to prison authorities for forwarding to the court, <u>Houston vs. Lack</u>, 101 L.Ed.2d 245 (1988), upon the court and parties to litigation and/or his/her attorney(s) of record, by placing same in a sealed, postage prepaid envelope addressed to:

    Office of the U.S. Attorney
    U.S. Courthouse, Suite 309
    235 N. Washington Avenue
    P. O. Box 309
    Scranton, PA 18501-0309

and deposited same in the United States Postal Mail at the United States Penitentiary,

Signed on this __25th__ day of __August 2005__.

                                      Respectfully Submitted,

                                      Washid DeShields

                                      REG. NO. __10605-067__



**U.S. Department of Justice**

*Executive Office for United States Attorneys*
*Freedom of Information/Privacy Act Staff*
*600 E Street, N.W., Room 7300*
*Washington, D.C. 20530*
*202-616-6757   Fax 202-616-6478*

AUG

Requester: **Wajid Deshields**            Request Number: **05-1601**

Subject of Request: **Self (Petite Policy)**

Dear Requester:

    Your request for records under the Freedom of Information Act/Privacy Act has been processed. This letter constitutes a reply from the Executive Office for United States Attorneys, the official record-keeper for all records located in this office and the various United States Attorneys' Offices.

    To provide you the greatest degree of access authorized by the Freedom of Information Act and the Privacy Act, we have considered your request in light of the provisions of both statutes.

    The records you seek are located in a Privacy Act system of records that, in accordance with regulations promulgated by the Attorney General, is exempt from the access provisions of the Privacy Act. 28 C.F.R. §16.81. We have also processed your request under the Freedom of Information Act and are making all records required to be released, or considered appropriate for release as a matter of discretion, available to you. This letter is a [ X ] partial [  ] full denial.

    Enclosed please find:

    **2**    page(s) are being released in full (RIF);
    **1**    page(s) are being released in part (RIP);
    **3**    page(s) are withheld in full (WIF). **The redacted/withheld documents were reviewed to determine if any information could be segregated for release.**

    The exemption(s) cited for withholding records or portions of records are marked below. An enclosure to this letter explains the exemptions in more detail.

| Section 552 | | | Section 552a |
|---|---|---|---|
| [ ] (b)(1) | [ ] (b)(4) | [ ] (b)(7)(B) | [ X ] (j)(2) |
| [ ] (b)(2) | [ X ] (b)(5) | [ X ] (b)(7)(C) | [ ] (k)(2) |
| [ ] (b)(3) | [ ] (b)(6) | [ ] (b)(7)(D) | [ ] (k)(5) |
|  | [ ] (b)(7)(A) | [ ] (b)(7)(E) | [ ] |
|  |  | [ ] (b)(7)(F) |  |

    [  ] In addition, this office is withholding grand jury material which is retained in the District.

(Page 1 of 2)
Form No. 021- no fee - 2/04

AUG 18

[ X ]   A review of the material revealed:

    [ X ]   1 page(s) originated with another government component. **These records were found in the U.S. Attorney's Office files and may or may not be responsive to your request.** These records will be referred to the following component(s) listed for review and direct response to you:

        • **Department of Justice/Criminal Division**

    [ ]   There are public records which may be obtained from the clerk of the court or this office, upon specific request. If you wish to obtain a copy of these records, you must submit a new request. These records will be provided to you subject to copying fees.

    [ X ]   See additional information attached.

This is the final action this office will take concerning your request.

You may appeal my decision to withhold records in this matter by writing within sixty (60) days from the date of this letter, to:

        Office of Information and Privacy
        United States Department of Justice
        Flag Building, Suite 570
        Washington, D.C. 20530

Both the envelope and letter of appeal must be clearly marked "Freedom of Information Act/Privacy Act Appeal."

After the appeal has been decided, you may have judicial review by filing a complaint in the United States District Court for the judicial district in which you reside or have your principal place of business; the judicial district in which the requested records are located; or in the District of Columbia.

                Sincerely,

                Marie A. O'Rourke
                Assistant Director

Enclosure(s)

## EXPLANATION OF EXEMPTIONS

AUG 18

### SUBSECTIONS OF TITLE 5, UNITED STATES CODE, SECTION 552

| | |
|---|---|
| (b)(1) | (A) specifically authorized under criteria established by and Executive order to be kept secret in the in the interest of national defense or foreign policy and (B) are in fact properly classified pursuant to such Executive order; |
| (b)(2) | related solely to the internal personnel rules and practices of an agency; |
| (b)(3) | specifically exempted from disclosure by statute (other than section 552b of this title), provided that such statute (A) requires that the matters be withheld from the public in such a manner as to leave no discretion on the issue, or (B) establishes particular criteria for withholding or refers to particular types of matters to be withheld; |
| (b)(4) | trade secrets and commercial or financial information obtained from a person and privileged or confidential; |
| (b)(5) | inter-agency or intra-agency memorandums or letters which would not be available by law to a party other than an agency in litigation with the agency; |
| (b)(6) | personnel and medical files and similar files the disclosure of which would constitute a clearly unwarranted invasion of personal privacy; |
| (b)(7) | records or information compiled for law enforcement purposes, but only the extent that the production of such law enforcement records or information (A) could reasonably be expected to interfere with enforcement proceedings, (B) would deprive a person of a right to a fair trial or an impartial adjudication, (C) could reasonably be expected to constitute an unwarranted invasion of personal privacy, (D) could reasonably be expected to disclose the identity of a confidential source, (E) would disclose techniques and procedures for law enforcement investigations or prosecutions, or would disclose guidelines for law enforcement investigations or prosecutions if such disclosure could reasonably be expected to risk circumvention of the law, or (F) could reasonably be expected to endanger the life of physical safety of any individual. |
| (b)(8) | contained in or related to examination, operating, or condition reports prepared by, on behalf of, or for the use of an agency responsible for the regulation or supervision of financial institutions; or |
| (b)(9) | geological and geophysical information and data, including maps, concerning wells. |

### SUBSECTION OF TITLE 5, UNITED STATES CODE, SECTION 552a

| | |
|---|---|
| (d)(5) | information complied in reasonable anticipation of a civil action proceeding; |
| (j)(2) | material reporting investigative efforts pertaining to the enforcement of criminal law including efforts to prevent, control, or reduce crime or apprehend criminals, except records of arrest; |
| (k)(1) | information which is currently and properly classified pursuant to Executive Order 12356 in the interest of the national defense or foreign policy, for example, information involving intelligence sources or methods; |
| (k)(2) | investigatory material complied for law enforcement purposes, other than criminal, which did not result in loss of a right, benefit or privilege under Federal programs, or which would identify a source who furnished information pursuant to a promise that his/her identity would be held in confidence; |
| (k)(3) | material maintained in connection with providing protective services to the President of the United States or any other individual pursuant to the authority of Title 18, United States Code, Section 3056; |
| (k)(4) | required by statute to be maintained and used solely as statistical records; |
| (k)(5) | investigatory material compiled solely for the purpose of determining suitability eligibility, or qualification for Federal civilian employment or for access to classified information, the disclosure of which would reveal the identity of the person who furnished information pursuant to a promise that his identity would be held in confidence; |
| (k)(6) | testing or examination material used to determine individual qualifications for appointment or promotion in Federal Government service the release of which would compromise the testing or examination process; |
| (k)(7) | material used to determine potential for promotion in the armed services, the disclosure of which would reveal the identity of the person who furnished the material pursuant to a promise that his identity would be held in confidence. |

FBI/DOJ

# CRIMINAL COMPLAINT

USAO NUMBER 2000R00735
COURT DOCKET NO. 1:CR-01-026
DJ FILE NO. Judge Kane

THE CONTENTS OF THIS FILE ARE SUBJECT TO THE PROVISIONS OF THE PRIVACY ACT OF 1974 (5 USC 552a).

## UNITED STATES ATTORNEY

sent to FLU 10-16-01

__Middle__ DISTRICT OF __Pa__
DIVISION _____ COUNTY _____

**DEFENDANTS:**
1. Wajid Deshields
2.
3.
4.
5.
6.
7.
8.

**DEFENSE COUNSEL:**
Dan McPell
425 N. Market St.
York Pa 17404

ASSIGNED TO Pfisterer

NATURE OF OFFENSE Possession of firearm in relation to a drug trafficking crime
CODE SECTIONS 18 USC 924(c) & 922g
DATE OF OFFENSE 1-13-2000
GOVT. AGENCY ATF
STAT. OF LIMITATIONS
BOND (AMOUNT, DATE) MC
R-O-R in state custody

ARRAIGNMENT _____ PLEA _____
SEE ALSO FILE NO. _____
ARREST _____ INDICT BY _____ INDICTMENT _____ TRIAL _____

| DATE | CODE | REMARKS | INITIALS |
|---|---|---|---|
| 1-3-01 | ok | file opened | PJ 11-3- |
| 1-24-01 | ok | 2 ct Indictment filed | PJ 1-26-01 |
| 1-31-2001 | | Ltr to John Brennan: auth to pursue prosecution | |
| 2-27-2001 | the | Rule 5 - N.G. Trial Set for 8th | PJ 3-7 |
| | | 2001 Judge Kane | |
| 3-7-01 | the | Plea | PJ 3-7 |
| 4/27/01 | the | Change of Plea to Count 1 | PJ 5- |
| 8-14-01 | the | Presentence Report received | |
| 10/12/01 | | Sentencing - conf 60 months, fine of 400.00 S/A Sup Rel. 3 years. Appeal rts explained. | EP |

CLOSED 10-12-01 INITIALS

Form USA-219 MAR 91

DMB:EP:scb

## UNITED STATES DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| UNITED STATES OF AMERICA | ) CRIMINAL NO. 1:01-CR-26 |
| | ) Judge Kane |
| v | ) |
| | ) |
| WAJID DESHIELDS | ) |

### INDICTMENT

**FILED**
HARRISBURG, PA

JAN 24 2001

MARY E. D'ANDREA, CLERK
Per _____

**THE GRAND JURY CHARGES THAT:**

### COUNT I

On or about January 13, 2000 in the city of York, York County, Pennsylvania, and within the Middle District of Pennsylvania, the defendant,

**WAJID DESHIELDS,**

did knowingly possess a firearm during and in relation to a drug trafficking crime for which he may be prosecuted in a court of the United States, namely possession with intent to distribute cocaine and marijuana, and did possess the following firearms in furtherance of said drug trafficking crime:

(1) Jennings Semi-automatic Pistol, Bryco Model 59, 9mm Pistol with an obliterated serial number

(2) Hipoint, Model C, 9mm Pistol, serial number 827970.

All in violation of Title 18, United Stated Code, Section 924(c)(1).

Certified from the record
Date _____
Mary E. D'Andrea, Clerk
Per _____
Deputy Clerk

THE GRAND JURY FURTHER CHARGES THAT:

## COUNT II

On or about January 13, 2000 in the city of York, in York County, Pennsylvania and within the Middle district of Pennsylvania, the defendant,

**WAJID DESHIELDS,**

having been convicted in a court of a crime punishable by imprisonment for a term exceeding one year, knowingly did possess in commerce and affecting commerce the following firearms and ammunition therefor:

(1) Jennings Semi-automatic Pistol, Bryco Model 59, 9mm Pistol with an obliterated serial number

(2) Hipoint, Model C, 9mm Pistol, Serial number 827970.

All in violation of Title 18, United States Code, Section 922(g)(1) and 924(a)(2).

A TRUE BILL

_____
Foreperson, Grand Jury

1/24/01
Date

_____
DAVID M. BARASCH
United States Attorney

Inmate Name: [illegible]
Register Number: 10705-067

United States Penitentiary
P.O. Box 1000
Lewisburg, PA 17837

AUG 25 2005 HARRISBURG PA 171 PM

Office of the Clerk
U.S. District Court
P.O. Box 1148
Scranton, PA 18501-1148

RECEIVED SCRANTON
AUG 30 2005
PER _____ DEPUTY CLERK